UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BENNIE H. JOHNSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-CV-0421-SEB-VSS |
| | ) | |
| FRANK J. ANDERSON, Marion County | ) | |
| Sheriff, CORRECTIONAL MEDICAL | ) | |
| SERVICES, INC., and CORRECTIONS | ) | |
| CORPORATION OF AMERICA, | ) | |
|     Defendants. | ) | |

**ENTRY GRANTING IN PART AND DENYING IN PART
DEFENDANT SHERIFF ANDERSON'S MOTION TO DISMISS**

This matter is before the Court on the Motion to Dismiss [Docket No. 41] filed by Defendant, Frank J. Anderson, Marion County Sheriff ("Sheriff Anderson"), pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, Bennie H. Johnson ("Mr. Johnson"), has brought this action against Sheriff Anderson and co-defendants, Correctional Medical Services, Inc. ("CMS") and Corrections Corporation of America ("CCA"), alleging Defendants' negligent and reckless failure to provide appropriate medical care to Mr. Johnson while he was incarcerated at the Marion County Jail necessitating the amputation of his right leg, and that the denial of proper and timely medical treatment constituted a violation of Mr. Johnson's civil and constitutional rights.

Statement of Material Facts[1]

Mr. Johnson was arrested and placed into custody at the Marion County Jail on April 3, 2004. Compl. ¶ 5. Prior to his arrest, Mr. Johnson had scraped his toe. Compl. ¶ 8. Mr. Johnson is a diabetic, requiring him to receive two insulin shots and ten pills a day to treat his diabetes and related health conditions. Compl. ¶ 6. Despite his efforts to make jail personnel aware of his medical condition and needs, Mr. Johnson was incarcerated three days before being seen by a nurse, and five days before receiving his first insulin shot. Compl. ¶ 7. When Mr. Johnson was finally examined by a doctor, the doctor directed the attending nurse to wrap wet gauze on Mr. Johnson's scraped toe.[2] Approximately two weeks later, the doctor re-examined Mr. Johnson at which time Mr. Johnson's entire toe had turned black. Comp. ¶¶ 10-11. Mr. Johnson was sent to Wishard Hospital on April 27, 2004, where Dr. Rene Stewart ("Dr. Stewart") examined Mr. Johnson's toe and told him that the toe "has to come off." Compl. ¶ 11-12. Mr. Johnson refused treatment because he was hoping to be released on his own recognizance at a court hearing the following day. Compl. ¶ 13. Mr. Johnson assured Dr. Stewart that he would come back to Wishard Hospital as soon as possible. Id. However, Mr. Johnson was not released after the then-impending court hearing and jail personnel declined to return him to Wishard for treatment of his toe until nearly two weeks later, on May 10, 2004. Comp. ¶¶ 14, 16. By this time, Mr. Johnson's condition had seriously worsened, necessitating amputation of his right leg up to the knee. Comp. ¶¶ 15, 17. Medical services at the Marion

---

[1] For purposes of this Motion, the facts alleged in Plaintiff's Complaint are taken as true. Def.'s Br. at 1.

[2] It is unclear from the complaint how much time elapsed between Mr. Johnson's arrest and when he was first seen by a doctor.

County Jail where Mr. Johnson was incarcerated are provided by CMS and CCA.  Comp. ¶¶ 4, 24, 25, 31.

## Legal Analysis

I.      Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Sheriff Anderson moves to dismiss this action as against him for failure to state a claim upon which relief may be granted. A party moving to dismiss bears a weighty burden.  It must show that the pleadings themselves fail to provide a basis for any claim for relief under any set of facts.  Ed Miniat, Inc. v. Globe Life Ins. Group Inc., 805 F.2d 732, 733 (7th Cir. 1986), cert. denied, 482 U.S. 915 (1987).

On a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true and construe all inferences that reasonably may be drawn from those facts in a light most favorable to the party opposing the motion, in this case, Mr. Johnson.  Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001). Dismissal for failure to state a claim upon which relief can be granted is appropriate where, in reviewing the complaint and "taking as true all of [the plaintiff's] well-pleaded factual allegations and drawing all reasonable inferences in his favor," it is clear that no viable cause of action exists.  Lachmund v. ADM Investor Services, Inc., 191 F.3d 777, 782 (7th Cir. 1999); see Beam v. IPCO Corp., 838 F.2d 242, 244 (7th Cir. 1988).

II.      Mr. Johnson Does Not Assert a Viable Claim Under 42 U.S.C. § 1983 Against Sheriff Anderson; Accordingly, the Constitutional Claims Must be Dismissed.

Sheriff Anderson contends that Mr. Johnson's Complaint fails to state a claim against him under 42 U.S.C. § 1983.  Mr. Johnson agrees, but argues that Sheriff Anderson's motion is premature because Mr. Johnson's Amended Complaint does not assert a claim against Sheriff

3

Anderson under § 1983.[3]  Pl.'s Resp. at 3.  Sheriff Anderson points out, however, that Mr. Johnson's Amended Complaint does include this statement: "As a result of the wanton and reckless failure of Anderson . . . in violation of . . . Johnson's civil and constitutional rights to receive proper and timely treatment . . . Johnson's right leg had to be amputated up to the knee." Amended Compl ¶ 17.  It is this rhetorical paragraph that Sheriff Anderson seeks have dismissed, as opposed to any claim specifically pled under § 1983.

The general rule is that a plaintiff has no cause of action on his federal constitution claims when the defendant he wishes to hold liable is amenable to suit under 42 U.S.C. § 1983. See Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981);  See also e.g., Verdon v. Consolidated Rail Corp., 828 F. Supp. 1129, 1136 (S.D.N.Y., 1993) (stating that "Congress enacted § 1983 to serve as the means by which claims like plaintiff's can be brought under the Due Process Clause of the Fourteenth Amendment in place of asserting the claim more generally under the Fourteenth Amendment.").  In other words, when a direct constitutional claim is available to plaintiff against the defendant and can be encompassed in a § 1983 claim, the § 1983 claim is deemed an effective remedy for plaintiff's constitutional claims so as to defeat the existence of a direct constitutional action.  Carpenter v. City of Fort Wayne, 637 F. Supp. 889, 892 (N.D. Ind. 1986), vacated and remanded, 818 F.2d 33 (Table) (7th Cir. 1987) (without reported decision).

Here, Plaintiff acknowledges that he has not alleged a valid § 1983 claim in the

---

[3] Mr. Johnson asserts that discovery is pending and that only recently has he received from Sheriff Anderson the Supplemental Responses to Interrogatories and Request for Production that may lead to information to support a claim under 42 U.S.C. § 1983 against Sheriff Anderson and/or others. Pl.'s Resp. at 3.  Mr. Johnson states that he wishes to reserve the right to seek leave to amend his complaint following depositions and other discovery that is necessary to determine whether, and against whom, such a civil rights claim may be appropriate.  Pl.'s Resp. at 3.

Complaint as presently formulated. Plaintiff does not assert a constitutional right, and we can think of none, the violation of which entitles him to relief independently of § 1983. See Ward, 650 F.2d at 1147. Therefore, Sheriff Anderson's Motion to Dismiss the claim as framed in the Complaint, namely, the allegation he violated Mr. Johnson's civil and constitutional rights to receive proper and timely treatment, is GRANTED.

III.     Sheriff Anderson is Not Immune from a Negligence Claim Under the Indiana Tort Claims Act.

The Amended Complaint seeks damages for Sheriff Anderson's negligent and reckless failure to provide appropriate medical care which ultimately necessitated the amputation of Mr. Johnson's right leg. Sheriff Anderson has, by statute, had imposed on him the express duty, under IND. CODE § 36-2-13-5(7), to "take care of the county jail and the prisoners there." This obligation includes the duty to "exercise reasonable care to preserve his prisoners' health and safety." Trout v. Buie, 653 N.E.2d 1002, 1008 (Ind. Ct. App. 1995) (citing Iglesias v. Wells, 441 N.E.2d 1017, 1019 (Ind. Ct. App. 1982)). Sheriff Anderson argues that Mr. Johnson's negligence claim fails because, as sheriff, he is immune from liability under the Indiana Tort Claims Act.[4] Def.'s Br. at 4.

---

[4] Generally, a plaintiff is not required to plead facts that anticipate and overcome a defense of immunity and therefore dismissal based upon a claim of immunity at the pleading stage under Rule 12(b)(6) is almost always inappropriate. See Bond v. Aguinaldo, 265 F.3d 926, 930 (N.D. Ill. 2003) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal." Id.). However, a statement incorporated into the complaint is a binding judicial admission, Keller v. United States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995), and therefore, when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense," resolution by a motion to dismiss is proper. U.S. v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005). In other words, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995).

The Indiana Tort Claims Act, IND. CODE § 34-13-3-3(10), provides:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from: . . . (10) the act or omission of anyone other than the governmental entity or the governmental entity's employee.

The Complaint asserts: "In order to perform Anderson's duty under Indiana Code Section 36-2-13-5, Anderson has entered into contracts with providers of services at the Marion County Jail, including contracts with CMS and CCA for providing medical care and treatment for inmates at the Marion County Jail." Def.'s Reply at 2; quoting Amended Compl. ¶ 4. Sheriff Anderson interprets this paragraph to be an admission by Mr. Johnson that "the general duty to care for prisoners has been satisfied by Sheriff Anderson's contracting with outside health care providers." Def.'s Reply at 2-3. Further, Sheriff Anderson argues that the duty of care he owes prisoners is general and "includes providing access to healthcare . . . [and] reasonable medical care" and that he has provided that care through his contracts with CMS and CCA. Def.'s Reply at 3. "The appropriate standard of care is a duty is [sic] owed by the healthcare providers specifically, not by Sheriff Anderson." Def.'s Reply at 3.

Mr. Johnson responds, arguing that, although Sheriff Anderson exercised his discretion to delegate to CMS and CCA his duty to provide medical care to inmates at the Marion County Jail, Sheriff Anderson's reliance on immunity, as provided under IND. CODE § 34-13-3-3(10), is misplaced because Sheriff Anderson had the express duty, under IND. CODE § 36-2-13-5(7), to "take care of the county jail and the prisoners there." This statutory obligation includes the duty to "exercise reasonable care to preserve his prisoners' health and safety." Trout, 653 N.E.2d at 1008. Mr. Johnson maintains that because Anderson's duty to take care of the prisoners at the Marion County Jail is statutorily imposed, that responsibility, and any liability for the failure to

do so, are non-delegable.  Pl.'s Resp. at 5; citing City of Vincennes v. Reuhl, 672 N.E.2d 495, 497-98 (Ind. App. 1996) (holding that the city properly delegated its duty to maintain its streets and sewer system, but the city is not entitled to immunity on the basis of its delegation because the city is charged by law with maintaining public travel).

Under Indiana law, a principal cannot avoid liability for the negligence of its agent if the principal is, by law or contract, charged with performing the specific duty.  See Bagley v. Insight Communications Co., L.P., 658 N.E.2d 584, 586 (Ind. 1995).  In Shand Mining, Inc. v. Clay County Bd. of Commissioners, 671 N.E.2d 477, 481 (Ind. App. 1996), the Court of Appeals held that, though a governmental entity could delegate its responsibility for maintaining streets to a private party, it could not avoid liability for the negligent maintenance of the streets based on its delegation.

Applying these principles here, we hold that Sheriff Anderson cannot avoid liability for the negligent acts of those to whom he has delegated specific duties imposed on him under Ind. Code § 36-2-13-5.  See Bagley, 658 N.E.2d at 586.  The Indiana Tort Claims Act does not allow immunity to public officials who delegate the specific duties prescribed to them under Indiana law.  Mr. Johnson's assertion in his complaint, "In order to perform Anderson's duty under Indiana Code Section 36-2-13-5, Anderson has entered into contracts with providers of services at the Marion County Jail, including contracts with CMS and CCA," is not, as Sheriff Anderson argues, an admission by Plaintiff that the general duty to care for prisoners has been satisfied by Sheriff Anderson.  We interpret the words, "In order to," as an idiom which means "for the purpose of," not, as Sheriff Anderson argues to mean "in satisfaction of."  AMERICAN HERITAGE DICTIONARY (3rd ed. 1994).  For these reasons, Plaintiff's negligence claim is properly pled and Sheriff Anderson is neither entitled to immunity under the Indiana Tort Claims Act or to

dismissal of the substantive claim.  Sheriff Anderson's motion to dismiss the negligence claim must therefore be DENIED.

V.    Conclusion

Sheriff Anderson's Motion to Dismiss the claim that he violated Mr. Johnson's civil and constitutional rights to receive proper and timely treatment found in paragraph seventeen of the Amended Complaint is GRANTED, because Mr. Johnson acknowledges that he has not alleged a valid § 1983 claim in the Complaint and that he does not assert a constitutional right which entitles him to relief independently of § 1983.  Sheriff Anderson is not entitled to immunity under the Indiana Tort Claims Act on Mr. Johnson's allegations that Sheriff Anderson's negligent and reckless failure to provide appropriate medical care resulted in the amputation of Mr. Johnson's right leg, and thus Sheriff Anderson's motion to dismiss the negligence claim must be and is DENIED.  IT IS SO ORDERED.

Date:   08/29/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Charles N. Doberneck
AYRES CARR & SULLIVAN, P.C.
cdoberneck@acs-law.com

William A. Hahn
BARNES & THORNBURG LLP
william.hahn@btlaw.com

Anthony D. Kowals
HERENDEEN KOWALS AMBLER MCTIGUE & LENYO
akowals@hotmail.com

David Michael McTigue
HERENDEEN KOWALS AMBLER MCTIGUE & LENYON
dbldmr@aol.com

Patrick M. O'Brien
AYRES CARR & SULLIVAN, P.C.
obobrien@aol.com

James B. Osborn
OFFICE OF CORPORATION COUNSEL
josborn@indygov.org

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com

Thomas G. Stayton
BAKER & DANIELS
tstayton@bakerd.com

Ian L. Stewart
OFFICE OF CORPORATION COUNSEL
istewart@indygov.org